**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

2009 JUN 29  PM 12: 37

U.S. ... DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

_TAMPA_ Division

**CIVIL RIGHTS COMPLAINT FORM**

MICHAEL L. GAMBUZZA,           CASE NUMBER: 8:09 CV 01229-T 17
CHRISTOPHER DRESCHER,          (To be supplied by Clerk's Office)
                                                    TBM
and all others similarly situated.
(Enter full name of each Plaintiff and prison
number, if applicable)

v.

Lt. Parmenter, Lt. Jones, Captain Ackles, Major
Jamey Higgenbotham, Sheriff Brad Steube,
Deputy Preston, Deputy John and Jane Does, Captain Williams,
Trainee John & Jane Does, Director Morgan, Sgt. Porter (commissary)
(Enter full name of each Defendant. If
additional space is required, use the blank Captain Baird, SWANSON Services
area directly to the right).
          Corporation, individually and in their official capacity.

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I.    **PLACE OF PRESENT CONFINEMENT:** MANAtee County Jail
          (Indicate the name and location)

      14470 Harlee rd. Palmetto, Fl 34221

II.   **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
      THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes ( ) No (X)

      [If your answer is YES, after reviewing the exhaustion requirements, answer the following
      questions]

2 IFP's

DC 225 (Rev. 9/03)                                  1

III.   **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (X) No ( )

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail?  Yes (X) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure?  Yes (X) No ( )

C.   If your answer is YES:

1.   What steps did you take? NUMerous grievANces both verbal ANd iNwriting, also wrote Sheriff Stebe & Major Higgenbotham.

2.   What were the results? Everybody agrees with everybody else, that they are allowed to do what their doing.

3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: ___N/A___

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __21__ day of __JuNe__, 2__009__.

_Michael L Damby_
Signature of Plaintiff (1)

_Christopher Drescher_
Plaintiff (2)

IV.   **PREVIOUS LAWSUITS:**

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): Michael Gambuzza

Defendant(s): Major Higgenbotham, Steube, Kogle, Jones, Capt. Ackles, Prison Health Services, Dr. Augustine, R.N. Worthington.

2.   Court (if federal court, name the district; if state court, name the county): U.S. Court, Middle District, Tampa Division

3.   Docket Number: 8:09-CV-00449-SDM-TGW

4.   Name of judge: Mr. Merryday

5.   Briefly describe the facts and basis of the lawsuit: Slipped and fell on wet stairs due to hazardous conditions, sustained back, wrist, & foot injuries and recieved inadequate Medical care

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Pending.

7.   Approximate filing date: March 14, 2009 ?

8.   Approximate disposition date: N/A

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case: N/A,

N/A

_____

_____

_____

_____

V.    **PARTIES**:  In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: Michael L. GAMbuzza

     Mailing address: 14470 Harlee rd., Palmeto, Fl. 34221
     _____

B(I) Additional Plaintiffs: Christopher Drescher
     14470 Harlee rd., Palmeto, Fl. 34221      And,

B.(II). * All other inmates And their families similarly situated, in Manatee County,

In part C of this section, indicate the **<u>full name</u>** of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: Lt. Parmenter

     Mailing Address: 14470 Harlee rd.

     Palmetto Fl. 34221

     Position: Lt.

     Employed at: Manatee County Jail

D.   Defendant: Lt. Jones

     Mailing Address: 14470 Harlee rd.

     Palmetto, Fl. 34221

     Position: Lt.

     Employed at: Manatee County Jail

E. Defendant: Captain Ackles

Mailing Address: 14470 Harlee rd.

Palmetto, Fl. 34221

Position: Captain

Employed at: Manatee County Jail

F. Defendant: Major Jamey Higgenbotham

Mailing Address: 14470 Harlee rd.

Palmetto, Fl. 34221

Position: Corrections Bureau Chief

Employed at: Manatee County Jail

G. Defendant: Sheriff Brad Steube

Mailing Address: Manatee County Sheriff's Office, 600 U.S.

Hwy. 301 Blvd. W. #202, Bradenton Fl. 34205

Position: Sheriff

Employed at: Manatee County

H. Defendant Deputy Preston

Mailing Add. 14470 Harlee rd.

Palmetto, Fl. 34221

Position Deputy

Employed at Manatee County Jail

I. Defendant Deputy John & Jane Does

Mailing Add. 14470 Harlee rd.

Palmetto, Fl. 34221

Position Deputies

Employed at Manatee County Jail

J   Defendant   Trainee  John & Jane Does

Mailing Address   14470 Harlee rd

Palmetto, Fl. 34221

Position   Trainees / Students

Employed at   Manatee County Jail / Acadamy

K   Defendant.   Director  Morgan

Mailing Address   14470 Harlee rd.

Palmetto, Fl. 34221

Position   Director of Programs

Employed at   Manatee County Jail

L   Defendant   Captain Williams

Mailing Address   14470 Harlee rd.

Palmetto, Fl 34221

Position   Captain

Employed at   Manatee County Jail

M.   Defendant   Sgt. Porter (commissary)

Mailing Address   14470 Harlee rd.

Palmetto, Fl. 34221

Position   Sgt. over Commissary

Employed at   Manatee County Jail

N.   Defendant   Captain Baird

Mailing Add,   14470 Harlee rd

Palmetto, Fl. 34221

Position   Captain

Employed at   Manatee County Jail

7 A

O. Defendant _____Swanson Services Corporation_____

Mailing Address _____6225 21st St. E. Ste. E._____

_____Bradenton, Fl. 34208_____

Position _____Commissary Services Provider_____

Employed at _____Manatee County Jail_____

P. Defendant _____

Mailing Address _____

_____

Position _____

Employed at _____

VI.   **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of state law to deprive plaintiffs of their Constitutional rights, as set forth more fully below. (continued on next page - 8 A-C).

VII.   **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

I. A) On 11-29-08, Plaintiff Michael Gambuzza wrote his 5th Grievance about the Mail room, at Manatee County Jail overseen by Defendant Lt. Parmenter, opening incoming, clearly labeled "Priveledged" or "Legal Mail". The previous 4 grievances were Appealled by Gambuzza and were not returned to him. B) Gambuzza is and has been a Pre-trial Detainee at the Manatee County Jail since May 4, 2008. Since that time, he and other inmates and (continued on pgs. 9 A-K)

Sect. VI. St. of Claims, cont.

D. Defendant, Lt. Parmenter's Negligence and/or inadequate supervision of the Mailroom employees under her, who frequently open priveledged/legal mail, as described in Sect. VII St. of Facts, part I, paras. (A, B, & H), constitutes illegal search and seizure, and violates due process rights, & exhibits deliberate indifference to Plaintiff's rights under the 4th, 6th, and 14th Amendments of the U.S. Constitution.

2). Defendants, Lt. Jones, Lt. Parmenter, Captain Ackles, Major Jamey Higgenbotham and Sheriff Brad Steube, who have created a policy or custom, and/or allowed this policy or custom to continue, and have failed to remedy wrongs after learning of a violation, namely, allowing Manatee Sheriffs' Academy students or "Trainees", to search cells and seize non-contraband items and articles, to search legal bins/legal mail without the owner present, to conduct intrusive strip/body cavity visual searches, and, to use physical submission-type holds on compliant inmates and pre-trial detainees to physically guide them around their dorms for "Training Exercises" to "gain experience", while (a couple of times) wearing masks/hoods and no name tags so that said inmates cannot I.D. the person subjecting them to above violations, as described in Sect. VII St. of Facts, part I, paras. (C-G), constitutes illegal search and seizure, excessive force/cruel and unusual punishment, and due process violations, and exhibits deliberate

Sect. VI St. of Claims, Cont.

indifference to Plaintiffs' rights under the 4th, 6th, 8th, And 14th Amendments of the U.S. Constitution.

3). Defendant, Deputy Preston's inadequate And gross negligence Supervising "Trainees" under her direct supervision, And whom she allowed to Search legal bins / legal mail without the owner being present, to take Non-contraband items And articles, And to conduct Strip/body cavity visual Searches, as described in Sect. VII. St. of Facts, part I, paras. (E) & (F), For "training purposes", Constituted illegal Search And Seizure, cruel And unusual punishment And due process violations, And exhibited deliberate indifference to Plaintiffs' rights under the 4th, 6th, 8th And 14th Amendments of the U.S. Constitution.

4). Defendants Deputy John And Jane Does, And "Trainee" John And Jane Does, who conducted "Strip/body cavity visual searches", searched Legal bins/legal mail without the owner present, took Non-contraband items And articles, used physical submission holds on compliant inmates and pretrial detainees for "Training Exercises" for the sole purpose of gaining "Experience", while at times wearing masks so they could not be Identified, as described in Sect. VII St. of Facts, Sect. I paras. (C-G), Constituted illegal search And Seizure, excessive force/cruel And unusual punishment, And due process violations, And exhibited deliberate indifference to Plaintiffs' rights under the 4th, 6th, 8th & 14th Amendments of the U.S. Constitution.

SECT. VI. St. of Claims, cont.

5). Defendants Lt. Parmenter, Captain Ackles, Major Jamey Higgenbotham. And, Sheriff Brad Steube, who have created a custom or policy, and or allowed said custom or policy to continue, And have failed to remedy a wrong after learning of a violation, Namely, Censoring sections of the Newspaper And implementing the new "Mail Policy", As described in Sect. VII St. of Facts, part I, paras. (A-E), constitutes censorship, violations of due process And freedom of expression, cruel and unusual punishment, And, exhibits deliberate indifference to Plaintiffs rights under the 1st, 5th, 6th, 8th, And 14th Amendments of the U.S. Constitution.

6). Defendants, Director Morgan, Captain Williams, Major Jamey Higgenbotham, And Sheriff Brad Steube, who have created a custom or policy, And/or allowed said custom or policy to continue, And have failed to remedy a wrong after learning of a violation, namely, the "exact-cite", "catch-22" law library system, And limiting law materials and information, as described in Sect. VII St. of Facts, part III, paras. (A-C), const- itutes due process violations And exhibits deliberate indifference to Plaintiffs rights under the 5th, 6th, & 14th Amendments of the U.S. Constitution.

7). Defendants, Sgt. Porter (of commissary), Captain Baird, Major Higgenbotham Sheriff Brad Steube, And Swanson Services Corporation, are char- ging prices way above the "Fair Market Value" in our community, in violation of Fl. St. Stat. 951.23 (9)(b).

**Statement of Facts, continued:** Part I,

Pre-trial Detainees, have experienced opened legal mail many times. Despite many grievances, this practice continues. (See Grievance # 1)

c). On 11-30-08, all four Dorms in H-pod of the Manatee County Jail, were searched (three times in about a week). During one of these searches, "Trainee's" from the Sheriffs Academy and Deputies, wore masks and no name tags. All inmates and Pre-trial detainees were subjected to "Strip/body cavity" visual searches As part of a "training exercise".

D. Also during these searches, legal bins/legal mail were searched without the owner present, And Commissary, Hygiene products, clothes (personals), And other possesions were taken for no legitimate reason. Some of the excuses for these "seizures" included "the product (shampoo, conditioner, lotion, etc.) was 'almost' gone", boxers, underwear, t-shirts And cheaply made slide on tennis shoes from commissary, had small tears or seams coming undone And were therefore "Altered" (inmates have no way to repair/sew personal clothing And in fact many of the Jail's uniforms issued to us Are torn or seams undone), Also plaintiff had an Almost New bottle of Dandruff shampoo taken because it was Altered (it fell And the lid busted, so Now "Altered") And he had New disposable contacts taken

Statement of Facts, continued: Part I,

(only one out of two were returned) for no apparent reason. These items were never replaced and Plaintiff Camburra grieved these actions on 11-30-08. (See Grievance #2). The grievance was handled by Defendants Lt. Jones and Captain Ackles. Nothing was done about the missing clothing, shoes, contacts, hygiene products or commissary, and of course, nothing was done about the "Trainees" or recruits conducting the often embarrassing strip/body cavity visual searches (which in fact have been repeated numerous times for "training"), or about them wearing masks and no I.D's so that they could not be identified. Nothing was done about the same trainees using inmates and pretrial detainees for submission hold practice - putting compliant inmates arms twisted up behind their backs with a "Trainee" on each side and moving us around the dorm. It should be noted at this point that these "Trainees" are not Deputies. They are recruits, or students, at the Manatee County Sheriffs Academy.

E). On May 13, 2009, a second class of trainees were brought to H & S Dorms, by Defendant Deputy Preston. She was responsible for approximately 15-20 "Trainees" to once again search inmates and pre-trial detainees,

**Statement of Facts, continued:** Part I,

for a "Training Exercise". This training exercise again included "Strip/body cavity visual searches by NON-deputy trainees. These Searches were not for facility security purposes. They were definetely for "training", proven due to Deputy Preston being overheard asking an H&S dorm Deputy "Which Dorm are you done feeding? We'll do that one". And, during the search, Plaintiff GAmbuzza asked Deputy Preston, "why are we being Strip/cavity searched by Trainee's again?" She replied "They have to get experience/learn somewhere". During these Strip/body cavity visual searches, Plaintiffs were made to remove their clothes, display and lift up their privates, bend over and spread their buttocks, then squat and cough. This was extremely embarassing to have to do in front of a group of people, especially just for them to get "training experience". Again, they were not deputies and wore no NAme tags.

F). During the same search, Defendant Deputy Preston had trainees all over the dorm, some searching cells, and several conducting the strip/body cavity searches. Due to inadequate supervision, these trainees threw out/confiscated a lot of Hygiene, commissary and clothing

Statement of Facts, continued: Part I,

items, for no legitimate reason. One example, Plaintiff Gembura and several other inmates placed instant coffee that comes from commissary (in a non-resealable 4 oz. plastic bag) into a plastic ziploc baggy that commissary provides with any Aspirin or cold meds etc, to keep the coffee dry and so it does not spill and make a mess, or become a tar ball in the bag it comes in. This is a very common practice throughout the jail, yet it was taken and the action defended, by saying the coffee was "altered," and hence became "contraband".

(3). Plaintiff Gambura wrote two grievances on 5-13-09, on the search. (see grievance #'s 3 & 4). He also complained about his legal bin / legal mail being searched without him being present. (see grievance #5) Due to these searches several newspaper articles that pertain to his criminal case, an article on Bi-polar/Mental Health his mother sent him (he is bi-polar) in the mail, which the facility allowed him to have, and several other articles that he saved to show his attorney, were taken as "contraband". Due to the new "Incoming Mail Policy - Postcards only" these articles cannot be replaced.

Statement of Facts, continued: part I.

H). On June 1, 2009, Plaintiff Chris Drescher filed a grievance (#6) on his legal mail being opened by the mailroom employees under Def. Lt. Parmenter, And nothing was done by Defendants, Lt. Parmenter or Captain Ackles.

II. "Newspaper Censorship And Mail Policy"

A). During Plaintiffs' (Gambuzza & Drescher) stay at Manatee County Jail, the daily newspaper distributed in the Jail is often censored by Deputies who remove the Ads & Specials, Health & Fitness inserts, classifieds And other inserts And supplements. As there is no T.V. at the Jail (or radio), this newspaper is the inmates only "window" so to speak on the community And the rest of the "outside" world. Despite repeated complaints And grievances, No Satisfactory Answer has been given by Defendants Lt. Parmenter or Captain Ackles (See grievance #7) for this censorship. Inmates believe it is being done mostly to keep us ignorant of the "community" prices for our comparable commissary prices, which are very high. This practice or policy of censorship still continues, over a year now.

**Statement of Facts, continued:** part II ,

B). On May 5th, 2009, Defendant Lt. Parmenter circulated a new "Incoming Mail Policy" change around the Jail. (See #8, "Mail Flier"). This policy was confirmed when questioned by Plaintiff Gambuzza, And put into effect on June 1, 2009. This new Policy Allows our (inmates And pre-trial detainees') friends And families to send us "Post-cards only" when they write us. (See request #9).

C). Plaintiffs' Gambuzza And Drescher grieved this new policy. (See Grievances #10, #11, And refer back to #6 for Drescher). Defendants Lt. Parmenter And Captain Ackles did nothing about violations, except confirm they are serious about the new Mail Policy, which does not allow for our family & friends to send us private or priv-eledged information (Medical, Juvenile or Financial info) in a Secure or private way, newspaper articles on stuff that affects us or them, crosswords or other puzzle pages, or pictures of our children or other loved ones. For many of us, pictures are the only way we get to "see" our children grow or, our family And friends.

D). Besides the "incoming" part of the new Mail policy, it also does not allow inmates / pretrial detainees to decorate

**Statement of Facts, continued:** Part II, cont.

our "outgoing" envelopes (so that they look like Stationary), a way for inmates to express love for our loved ones recieving the mail, a harmless practice that does not affect the facility nor violate U.S. Postal regulations.

E). ON 5-21-09, Plaintiff GAmbuzza wrote a letter to Defendants, Corrections Bureau Chief Major Jamey Higgenbotham And Manatee Sheriff Brad Steube. (See letter-#12) Still No response a month later, to this letter grieving both the "Searches" described in part I And the Mail policy just described in part II.

## III.   LAW LIBRARY

A). The law library at the Manatee County Jail works on an "Exact Cite" type System. You MUST KNOW And NAME precisely what you WANT on a request form, send it to the law library then (with Supervisor Approval) trustees copy what you requested And send it back to you along with a bill for each page copied. INmates And pretrial detainees are not allowed to see any of the lawbooks, or do "exploratory research". Being uN-trained or schooled in LAW, it is hard for inmates to know "exact citations", or

**Statement of Facts, continued:**

Statutes, etc. When this lack of knowledge is combined with prohibitive limitations, like not being allowed to request "the whole index" for a law book, because "it's too much to copy", it is nearly impossible to get the needed law materials. On top of this, very often when inmates request law materials or information, they are told by staff to "contact your lawyer & ask them" or just flat out denied the info.

B). After being being denied and frustrated by the law library many times, Plaintiff Gambuzza wrote a two page grievance ( #13 (A) and (B) ) to Defendant Director Morgan, who oversees "Programs" which includes the law library. The grievance was written on 10-08-08. Nearly two weeks later, after many failed attempts to get "Federal Rules of Civil Procedure", Defendant, Director Morgan, came to Gambuzza's Dorm (HSE) and spoke to him personally. She told him that she would not allow staff in the library to "Devote large amounts of time to, or cater to, his needs, and that he needs to talk to his Attorney". She would not put this statement in writing when Gambuzza requested her too. Also, Gambuzza had explained to her verbally when she spoke to him, and many times before and since, that he was

**Statement of Facts, continued:**

Pro-se and therefore had no lawyer. After a long delay during which Gambuzza had to provide copies of his Fed. Civil Rights Complaint (in part against Manatee County) things improved a little, but Gambuzza was, and still is, limited on amounts of info he is allowed to obtain, ie., he cannot have the whole index of lawbooks - "they're too long", or if more than one "Rule of Court" is ordered at a time, depending on its length he may not be allowed to have all of it. This is frustrating his Fed. Civil Suits, attempts to get State Tort info, etc. Other inmates who want to file a Federal Complaint or State Tort, are not allowed to get "Federal Rules" until they prove they have a suit already, and, are "Pro-se", to order & obtain needed law materials & info.

C). On March 7, 2009, Gambuzza filed another grievance (see #14) on law library policy and limitations. He has a Federal Suit in "Appeals Court" and cannot obtain needed info, rules, or forms for Appellate Procedure. Also, He cannot obtain needed info or forms on filing a State tort. In response to his grievance, defendant Morgan directed him to contact Defendant Captain Williams or the Sheriffs' legal Department. Defendant Williams basically told him to determine the "Exact Area of Research" and that it appears

**Statement of Facts, continued:** part III

you are doing exploratory research, which maybe the prob-
lem", And then hinted about Plaintiff Gambuzza having
unneeded law material in his cell. Since this grievance,
Gambuzza has had his legal bin/legal mail searched
several times and had legal material/Articles taken.
(refer to part I, St. of Facts). This legal system is a
Catch-22 type of system making it nearly impossible
for most inmates to get needed info/Law materials for
their criminal cases, Federal Civil Rights Complaints,
or State Torts.

IV. Commissary Prices

A). For a long time now (years), Commissary prices at the
Manatee County Jail have been well over the "Fair Market Value"
in our community, in Violation of Fl. §951.23 (9)(b).
B). Plaintiff Gambuzza grieved this in Feb. 2009 and the
grievance disappeared. He again grieved it on 3/13/09 (See
#15). This was replied to by Defendant Sgt. Porter over
Commissary, who stated that once a year a price comparison
is done. Gambuzza appealed his answer and recieved no
reply back as of June 2009. Defendants Sgt. Porter and
Captain Baird have not responded to repeated requests for
this "yearly Comparison". (See request #16).
C). Defendant, Swanson Services Corporation, who provides

Statement of Facts, continued: Part IV.

Commissary Services to Manatee County Jail and Neigh-
boring Sarasota County, has overcharged for Commissary
for a long time. (See "Commissary Price Sheet" #17 with
examples of extremely high prices circled). There
is even a substantial price/quality of goods diff-
erence between the two Neighboring Jails. These
high prices are unfair to inmates and detainees, and
their family & friends who send them money.

       V. NATURE AND EXTENT OF Injuries
A). All of the above complaints and previous "Claims"
caused, is causing, or will cause, harm to each and
every inmate & pretrial detainee in the Manatee County
Jail in the past, present and future. In the case of
the Mail Policy and in most instances the high comm-
issary prices, it additionally causes harm to free
citizens (friends and family) who support or write
to us.

B). The searches described in part I are causing a lot of property;
clothing, hygiene products, commissary and legal materials,
to be wrongfully taken. The strip/body cavity searches and
physical submission holds by "Trainees" are causing pain,
discomfort, embarassment and degradation, and are extremely
intimidating when done by Masked Offenders, especially

Statement of Facts, continued:

when done for training purposes, to "gain experience", and not for facility security.

C). Censoring the inmates newspaper is helping the jail to get away with high commissary prices. It also prevents inmates from knowing what is going on in our community.

D). The new "Mail policy" is preventing inmates from recieving private & legal material, photos, articles that may help us on our cases, and stamped envelopes. This is hurting/harming everyone in the jail and on the outside - family & friends.

E). The way the law library is being run now prohibits inmates from filing suits, learning more about our criminal cases (which leaves us at the mercy of overworked Public Defenders and Courts) and learning how to deal with appellate courts.

F). The high commissary prices are unfair to all of us - inmates & family. We are a "Captive Customer Base" - we cannot obtain needed items any other way. These prices are causing many inmates & detainees to go without clothing. (undergarments) and necessary hygiene products.

✱ List of "Declarants" and "potential Plaintiffs" enclosed (#18) So that case maybe considered for Class action status.

VIII.   <u>RELIEF REQUESTED:</u>   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

A. Plaintiffs seek declatory relief pursuant to 28 U.S.C. section 2201 And 2202, Also, Plaintiffs claims for injunctive relief are Authorized by 28 U.S.C. Section 2283 And 2284 And Rule 65 of the Federal Rules of Civil Procedure And the Court has supplemental jurisdiction over Plaintiffs State law claim under 28 U.S.C. Section 1367.

(cont. on next page - 10 A, B, C).

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this  2 1  day of  June  , 2 009 .

1  Michael Hamby

2 Christopher Durocher

(Signatures of all Plaintiffs)

Sect. VIII. Relief Requested, cont:

B). Plaintiffs have no plain, adequate or complete remedy At law to redress the wrongs described herein, Plaintiff and all others Similarly situated in the past, Now, And in the future, have been And will continue to be, irreparably injured by the conduct of the Defendants unless this Court grants the Declatory And injunctive relief Plaintiffs seek.

C) Plaintiffs request the following:

1). A declaration that the acts and omissions described herein violate Plaintiffs rights under the Constitution And laws of the U.S. And the state of Florida.

2). A preliminary And permanent injuction ordering the following Defendant, Lt. Parmenter (And Mailroom Staff) to stop opening legal mail when the Addressee is not present. (This should also Apply to All Manatee County Sheriffs office employees.).

3). A preliminary And permanent injunction ordering the following Defendants: Lt. Parmenter, Lt Jones, Captain Ackles, Major Higgenbotham, Sheriff Brad Steube, Deputy Preston, (And Any other Manatee County Sheriff's office employees), to stop the policy or custom of Allowing "Trainees" to conduct strip/body cavity searches & practicing physical Submission holds on inmates for training experience/purposes, And to stop all Manatee County Sheriff's Office employees from searching legal bins/mail without the inmate/owner present, And, from searching as above in Masks, with no I.D. - (they should be required to be able to be identified in case they violate peoples rights,) And from seizing inmates property that does

Sect. VIII. Relief Requested, cont:

not meet true "Contraband" definitions. Also, "Contraband "should
be clearly defined and posted so that inmates know exactly
what "Contraband" is - A true and legal Definition.

4). A preliminary and permanent injunction ordering the following
defendants; Lt. Parmenter, Captain Ackles, Major Jamey Higgenbotham,
Sheriff Brad Steube, (and any other Manatee County Employees),
to stop censoring newspapers.

5). A preliminary and permanent injunction ordering the following
defendants, Lt. Parmenter, Captain Ackles, Major Jamey Higgenbotham,
and Sheriff Brad Steube, to stop the new "Mail Policy," (At
least until it is determined if it is constitutional), to allow
inmates to recieve envelopes, legal materials, pictures and letters from
family. Also, to allow inmates to make and send "homemade"
stationary, i.e. coloring & writing on outgoing envelopes, as
long as it is not profane or gang-related and meets postal regulations.

6). A preliminary and permanent injunction ordering the following
defendants; Director Morgan, Captain Williams, Major Jamey
Higgenbotham and Sheriff Brad Steube, to stop limiting
needed/wanted law materials and to allow inmates to do any
"Exploratory" research they need to do on any case or subject,
and to make the Law Library "Constitutionally Adequate."

7). A preliminary and permanent injunction ordering the following def-
endants; Sgt. Porter, Captain Baird, Major Jamey Higgenbotham,
Sheriff Brad Steube and Swanson Services Corporation. to
lower Commissary prices to show a true reflection of the

10 B

Sect. VIII. Relief Requested, cont.

"Fair Market Value" in our community, and to make the yearly price comparison available upon inmate, or any other's, request for inspection.

8). Compensatory damages against each defendant for property taken that should not have been, and any other damages caused to Plaintiffs.

9). Punitive damages against each defendant.

10). A jury trial on all issues triable by jury.

11). All of Plaintiffs costs in this suit and compensation for time and work involved.

12). Any Additional relief this Court deems just, proper and equitable.

We Declare under penalty of perjury that the foregoing is true and correct.

Signed this  21  day of June          , 2009

x  Michael Sawby

x  Christopher Dussler

Signatures of all Plaintiffs

10 c